## Daniel Jenkins, Appellee, v. Crescent Auto Company, Appellant.

### Gen. No. 6,560.   (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed July 25, 1918.

### Statement of the Case.

Action by Daniel Jenkins, plaintiff, against Crescent Auto Company, defendant, to recover the sum of $300 advanced by plaintiff to defendant as part of the purchase price in the course of the purchase of a new automobile, pursuant to which defendant was to take plaintiff's old car, sell it within 60 days, and refund the sum of $300 to plaintiff. Defendant failed to sell the car within the specified time or to refund the money advanced. From a judgment for plaintiff for $300 in the Circuit Court, after appeal thereto by defendant from a judgment in the justice court for a similar sum, defendant appeals.

NATHAN H. WEISS, for appellant.

O. A. SMITH, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 263*—*when corporation may not accept favorable part of contract made by officer and reject unfavorable part.* A corporation may not accept the favorable part of a contract for the sale of an automobile, pursuant to which its secretary, the holder of the majority of stock, who acted as a sales agent, agreed to sell a new automobile to a person for a specified sum and to give credit for a used automobile, the purchaser, however, to advance the part of the purchase price represented by the agreed value of the used car, and such secretary guaranteed that he would sell the used car within a specified time and refund the agreed value thereof, by retaining the check for the purchase price of the new car, and deny liability as to the unfavorable part of the contract on the ground that neither the corporation nor the secretary had the power to make such a guaranty.

2. SALES, § 51*—*when contract for exchange of automobiles and refunding of sum advanced representing value of used car is shown.* Evidence *held* sufficient to show a contract for the sale of an automobile under which the purchaser agreed to pay the entire sum in cash except the agreed value of an exchanged car and to loan or advance the value of the latter, and the corporation agreed to sell the old car within a specified time and refund the sum advanced.

3. SALES, § 181*—*when equitable title to exchanged automobile is obtained.* The seller of a new automobile, who receives an advance or loan from the purchaser represented by the value of a used car, which is to be taken as part payment and which the seller agrees to sell within a certain time and to refund the loan, is at least the equitable owner of the used car and improvements made thereto by it upon payment of a judgment against it for the amount of such advance, although the contract provides that title to the used car shall remain in the owner of such car until the sale is made.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.